S. LANE TUCKER
United States Attorney

MORGAN J. WALKER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: morgan.walker@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MARK CRUZ NYSTUEN,<br><br>　　　　　Defendant. | No. 3:21-CR-00073-001-TMB |

## SENTENCING MEMORANDUM

The United States recommends imposition of the following sentence:

**INCARCERATION**......................................................................................**60 MONTHS**
**SUPERVISED RELEASE**......................................................................**36 MONTHS**
**SPECIAL ASSESSMENT**..................................................................................**$100**
**RESTITUTION** ................................................................ **TO BE DETERMINED**[1]
**FINE**..................................................................................................................**NONE**

//

---

[1] Police reports indicate that the victim landlord originally reported spending approximately $500 to replace a radiator. Prior to filing this memorandum, the Government contacted the victim to request additional information regarding restitution. The victim indicated that insurance paid for other expenses although he paid a deductible. Due to his own health issues, however, he may not be able to provide additional information in the future. The Government will follow-up regarding restitution after sentencing.

# FACTS

According to later-filed charges, in February 2021, the Defendant committed attempted murder, burglary, and multiple assaults.[2] The intended victim was Payne, a person associated with another longstanding subject of the Defendant's obsession, Pate.[3] But because the Defendant had not yet been charged with attempted murder, he remained at large after the offense conduct.

So, in May 2021, the Defendant was free to fire multiple shots at his family's bar, causing patrons to panic and flee.[4] Upon arrest, the Defendant shouted ""I'm gonna kill you Josh, you mother fucker," referring to Pate.[5] The state court imposed modest sentences on the misdemeanor charges arising from the incident.[6]

In this case, just before noon on July 14, 2021, the Defendant walked up a residential driveway toward a two-story building having a garage on the first floor and an apartment on the second floor. Pate was the tenant.[7] The Defendant was, apparently, there to carry through on his third attempt to use violence to kill Pate and/or his associates. Within easy sight of the open windows of the residential apartment over the garage, Nystuen set fire to fabric swatches sticking out from the mouths of two glass bottles. He threw both bottles at the building. Inside the bottles was a liquid accelerant (probably gasoline[8]) that Nystuen had earlier poured into the bottles. The bottles broke upon impact, spreading burning

---

[2] 3AN-21-08929CR. See PSR at 42
[3] PSR 42
[4] PSR at 32
[5] PSR at 32
[6] PSR at 32
[7] PSR at 9
[8] A taxi driver who later picked up Nystuen smelled gasoline during the ride. Disco 1431.

U.S. v. NYSTUEN
3:21-CR-00073-001-TMB

Page 2 of 6
Case 3:21-cr-00073-TMB-MMS   Document 105   Filed 10/02/24   Page 2 of 6

gasoline on or near the building and the landlord's car. The Defendant realized that the landlord had seen him and, therefore, menaced the innocent man with a firearm as he fled the scene, perhaps to intimidate the witness.[9] Nystuen fled through the leafy residential neighborhood, shedding a jacket in the hopes of avoiding detection.[10] Still smelling of gasoline, Nysteun stepped into a cab and rode to his own home, apparently believing his mission accomplished.

## GUIDELINES CALCULATION

The Government concurs with the Presentence Report that the total offense level is 21, the criminal history category is III, and, therefore, the guideline range is 46 to 57 months.[11]

## STATUTORY CRITERIA AND RECOMMENDED SENTENCE

### 1. Nature and circumstances of the offense

The Defendant tried to set fire to a building that, he apparently believed, was occupied by Pate. According to the defense expert, the Defendant was, apparently, convinced that Pate was raping a women in whom the Defendant had a sexual or romantic interest.[12] Fortunately for the intended victim (and the Defendant), Pate was not at home, and the fire did not spread. Nevertheless, the Defendant pointed a firearm at an innocent bystander, apparently to intimidate him.

---

[9] PSR at 7. "The victim landlord stated the male who had thrown the explosive device, had pointed a firearm at him before fleeing the area. The victim landlord described the firearm as "nickel plated.""
[10] PSR Dkt. 99 at 7
[11] PSR Dkt. 99 at page 1
[12][12] Sullivan at 4

## 2. History and characteristics of the defendant

The PSR catalogs the Defendant's long history of violence, violating conditions of release and supervision, weapons use, and committing additional crimes to avoid detection.[13]

According to the defense expert, the Defendant "suffers from two debilitating problems: heroin addiction and paranoid schizophrenia. Schizophrenia commonly results in lifelong impairments in judgment and behavioral/emotional control. Use of drugs exacerbates the impairments caused by schizophrenia."[14] The Defendant experiences delusional hallucinations and paranoia.[15]

## 3. The seriousness of the offense and just punishment

Society generally regards the unlawful killing of another human as the most serious possible crime. Moreover, death by immolation or suffocation seems likely to be more torturous than more expeditious means. Finally, by menacing an innocent witness with a firearm, the Defendant made this offense even more serious. Accordingly, the Defendant's offense is far more serious than merely possessing gasoline-filled bottles.

## 4. Adequate deterrence

The Defendant is not deterred by the threat of incarceration. Accordingly, the only plausible specific deterrence will occur only in the context of medication[16] and/or incarceration.

---

[13] PSR 29-32; 36-41
[14] Sullivan at 17
[15] Sullivan at 7
[16] Sullivan at 7

U.S. v. NYSTUEN
3:21-CR-00073-001-TMB

### 5. Protection of the public from further crimes

Protecting the public from the Defendant is the most important sentencing criteria in this case. The Defendant has yet to resolve his pending state prosecution for attempting to murder Payne.[17] Because the ultimate resolution of that case is unknown, the Government respectfully requests this Court not assume that any sentence imposed in the attempted murder prosecution will protect the public from the Defendant. Neither can the community assume that the Defendant will regularly take his prescribed medication, as he doesn't want to, and has previously never accepted medication outside of custody.[18]

### 6. Avoidance of unwarranted disparities

The PSR recommends a sentence consistent with the average sentence imposed for offenders with the same primary guideline (*i.e.* 2K2.1) and the same offense level and criminal history category.[19] The Government respectfully submits that the context of this case, and the Defendant's high likelihood of reoffending, warrant a sentence significantly above the low end of the Guideline range.

### 7. Sentencing recommendation

The Government respectfully submits that this case falls within Guideline §5H1.3: "Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender

---

[17] PSR at 42

[18] **Sullivan at 10:** "Mr. Nystuen said that he has taken antipsychotic medications previously. He reported that he'd like to avoid taking such medications in the future. He said that he wants to have a scan done of his head to make sure it's normal. Mr. Nystuen said that he's never taken antipsychotic medications outside of a jail or prison."

[19] PSR at page 3, para. 9

U.S. v. NYSTUEN
3:21-CR-00073-001-TMB

characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines."

The Government's recommended sentence of 60 months preserves another 60 months that the Court may impose if the Defendant violates conditions of supervised release.

## CONCLUSION

The Defendant cannot, and will not, be punished for being mentally ill. Nevertheless, the sentence in this case must aim for what psychotropic medication and the Defendant's liberty cannot achieve on their own – a reasonably expectation that the community willy b protected from the Defendant's violence.

RESPECTFULLY SUBMITTED October 2, 2024 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s Morgan J. Walker
MORGAN J. WALKER
Assistant United States Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2024 a true and correct copy of the foregoing was served electronically on all counsel of record.

/s Morgan J. Walker